**STATE of Minnesota, Respondent,**

v.

**Timothy Scott SMITH, Appellant.**

**No. C7–82–1392.**

Supreme Court of Minnesota.

June 15, 1984.

C. Paul Jones, State Public Defender, Robert D. Goodell, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, John Dimich, Itasca County Atty., Grand Rapids, for respondent.

SIMONETT, Justice.

Defendant was found guilty by a district court jury of burglary and felony theft, Minn.Stat. §§ 609.58, subd. 2(3), and 609.-52, subds. 2(1) and 3(2) (1982). The trial court sentenced defendant to prison terms of 32 and 27 months, and ordered the terms to run concurrently with each other and with a previously-imposed prison term. On this appeal from judgment of conviction defendant seeks either (1) outright reversal because the evidence of his guilt was legally insufficient or (2) a new trial because the trial court prejudicially erred in instructing the jury that the witnesses were being sequestered. We affirm.

■ This prosecution arose from the burglary of a lake cabin in Itasca County early in January of 1982. The evidence of defendant's guilt consisted of (a) evidence that defendant's rented car had tires that matched those tracks left by the vehicle used by the burglars, (b) evidence that police found two of the items taken in the burglary in the trunk of defendant's rented car when that car was impounded on February 1, after defendant and a companion were stopped by South St. Paul police, (c) evidence that apparently early in 1982 defendant and his companion temporarily stored band equipment fitting the description of band equipment stolen in the burglary in a garage of friends in South St. Paul, (d) evidence that defendant and his companion admitted to one of their friends that the items were stolen, and (e) evidence that defendant and his companion were in Itasca County in January. We hold that the evidence was sufficient to support defendant's convictions.

■ Defendant's other contention is that the trial court prejudicially erred in giving the following instruction with respect to the sequestration of witnesses—

THE COURT: In this case we will be sequestrating the witnesses. That's a Latin term for separation. That's really what it means. The purpose is to have only one witness in the Courtroom at a time. There have been a couple of exceptions. The defendants are going to be here throughout. The two officers, Officer Burt and Officer Medure will be in the Courtroom even though they may be called as witnesses. I'm not even sure if they will be. Otherwise, however, anyone who is going to be a witness won't be coming into the Courtroom until he or she testifies.

I tell you that so that you won't get the idea that some of these people don't care about the case, are not interested, that sort of thing. The fact is that this is employed rather routinely in criminal cases, sometimes in civil cases, and really you are not to consider it in any way. It's—I am explaining it to you. I am telling you what the fact is, but then you can disregard it. All right. You can now make the opening statement, Mr. Bodien.

Defendant, who objected to this instruction at trial, argues that such an instruction could have the effect of enhancing the credibility of state's witnesses in the jurors' eyes (by suggesting that, since the witnesses could not hear each other's testimony, any similarity in their testimony was not the result of collusion) and, in a case in which the defendant testifies, could tend to discredit the defendant's testimony (because the defendant, unlike the other witnesses, is not sequestered). Although a differently-worded instruction might be improper, this instruction was a relatively innocuous one that simply informed the jury of the fact of sequestration and then told the jury to disregard it. The credibility of the state's witnesses was not in serious dispute, and defendant did not testify, notwithstanding the trial court's order barring the state from using defendant's prior convictions to impeach his credibility if he testified. Under these circumstances, defendant clearly is not entitled to a new trial on this ground.

Affirmed.